FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN D.,[1]<br><br>         Plaintiff,<br><br>  vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendant. | No. 2:20-cv-00424-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 17, 18 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 17, and grants Defendant's motion, ECF No. 18.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1

## JURISDICTION

2    The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3    1383(c)(3).

4

## STANDARD OF REVIEW

5    A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7    limited; the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10   reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

11   (quotation and citation omitted).  Stated differently, substantial evidence equates to

12   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13   citation omitted).  In determining whether the standard has been satisfied, a

14   reviewing court must consider the entire record as a whole rather than searching

15   for supporting evidence in isolation.  *Id.*

16   In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

18   1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

19   rational interpretation, [the court] must uphold the ALJ's findings if they are

20   supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6    404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7    analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9    RFC, the claimant is capable of performing work that he or she has performed in

10   the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11   If the claimant is capable of performing past relevant work, the Commissioner

12   must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13   If the claimant is incapable of performing such work, the analysis proceeds to step

14   five.

15   At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy.

17   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18   the Commissioner must also consider vocational factors such as the claimant's age,

19   education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20   416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

1  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

3  work, analysis concludes with a finding that the claimant is disabled and is

4  therefore entitled to benefits.  *Id.*

5      The claimant bears the burden of proof at steps one through four above.

6  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

7  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

8  capable of performing other work; and 2) such work "exists in significant numbers

9  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

10  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

11                          **ALJ'S FINDINGS**

12      On August 24, 2018, Plaintiff applied both for Title II disability insurance

13  benefits and Title XVI supplemental security income benefits alleging a disability

14  onset date of January 5, 2010.  Tr. 15, 61-62, 192-93.  The applications were

15  denied initially and on reconsideration.  Tr. 112-18, 124-37.  Plaintiff appeared

16  before an administrative law judge (ALJ) on June 23, 2020.  Tr. 31-60.  On July

17  20, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-30.

18      At step one of the sequential evaluation process, the ALJ found Plaintiff,

19  who met the insured status requirements through September 30, 2016, has not

20  engaged in substantial gainful activity since January 5, 2010.  Tr. 17.  At step two,

the ALJ found that Plaintiff has the following severe impairments: extreme obesity, asthma, anxiety disorder, and depression. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently; sit up to eight hours in an eight-hour workday; stand/walk 30 minutes at a time for a total of two hours in an eight-hour workday; no climbing of ladders, ropes or scaffolds; no crawling or kneeling; occasional stooping; occasional climbing of ramps and stairs, one flight at a time; no unprotected heights; avoid concentrated exposure to odors, dust, gases, fumes, and other environmental irritants; simple, routine, repetitive tasks; superficial interaction with supervisors, coworkers and the public.

Tr. 19.

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as electrical accessory assembler, wire worker, and bench assembler. Tr. 25. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of January 5, 2010, through the date of the decision. Tr. 26.

ORDER - 7

On October 2, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 17 at 12.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 17 at 12-16. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

ORDER - 8

"The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely consistent with the evidence.  Tr. 20.

*1. Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the

objective medical evidence.  Tr. 20-22.  An ALJ may not discredit a claimant's

symptom testimony and deny benefits solely because the degree of the symptoms

alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400

ORDER - 10

1    F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a

2    relevant factor, along with the medical source's information about the claimant's

3    pain or other symptoms, in determining the severity of a claimant's symptoms and

4    their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2),

5    416.929(c)(2).

6         First, the ALJ found Plaintiff's complaints regarding his physical limitations

7    were inconsistent with the evidence.  Tr. 20-22.  Plaintiff's asthma is well-

8    controlled with an inhaler, and his workups have been unremarkable.  Tr. 20

9    (citing Tr. 309, 342-43).  Plaintiff's physical examinations have been largely

10   normal, including normal reflexes, gait, sensation, strength, and range of motion.

11   Tr. 20-21 (citing Tr. 311, 326, 374-78, 386).  At the consultative examination,

12   Plaintiff was not observed to be short of breath with normal activity, which the

13   ALJ noted was inconsistent with Plaintiff's allegations.  Tr. 21 (citing Tr. 374-78).

14        Second, the ALJ found Plaintiff's complaints of disabling mental health

15   limitations were inconsistent with the evidence.  Tr. 21-22.  Plaintiff has had no

16   ongoing counseling and has reported improvement with medication.  Tr. 21.

17   Plaintiff's mental status examinations were largely normal.  Tr. 21-22 (citing Tr.

18   342-43, 368-71, 386, 395-97, 403-04).  Plaintiff has been observed as having

19   normal hygiene, eye contact, behavior, attitude, speech, orientation, intellectual

20   functioning, memory, concentration, insight, and judgment.  Tr. 21 (citing Tr. 368-

ORDER - 11

71).  Plaintiff argues the ALJ erred in finding Plaintiff's claims were not entirely

consistent with the medical evidence, ECF No. 17 at 12-13, but Plaintiff does not

cite to any evidence that is consistent with his claims.  This, coupled with the other

reasons offered, constitutes a clear and convincing reason, supported by substantial

evidence, to reject Plaintiff's symptom claims.

### 2.  Lack of Treatment

The ALJ found Plaintiff's lack of treatment was inconsistent with his

symptom claims.  Tr. 21.  An unexplained, or inadequately explained, failure to

seek treatment or follow a prescribed course of treatment may be considered when

evaluating the claimant's subjective symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638

(9th Cir. 2007).  And evidence of a claimant's self-limitation and lack of

motivation to seek treatment are appropriate considerations in determining the

credibility of a claimant's subjective symptom reports.  *Osenbrock v. Apfel*, 240

F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F. App'x 45, *3 (9th

Cir. 2009) (unpublished opinion) (considering why plaintiff was not seeking

treatment).  When there is no evidence suggesting that the failure to seek or

participate in treatment is attributable to a mental impairment rather than a

personal preference, it is reasonable for the ALJ to conclude that the level or

frequency of treatment is inconsistent with the alleged severity of complaints.

*Molina*, 674 F.3d at 1113-14.  But when the evidence suggests lack of mental

ORDER - 12

health treatment is partly due to a claimant's mental health condition, it may be inappropriate to consider a claimant's lack of mental health treatment when evaluating the claimant's failure to participate in treatment. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

Plaintiff declined counseling in February 2016 and did not have counseling from 2016 through 2018. Tr. 21-22 (citing Tr. 362, 364). Plaintiff reported he had been able to successfully lose weight with diet and exercise, but he did not continue trying to lose weight, and the ALJ noted Plaintiff did not inquire about bypass surgery. Tr. 22 (citing Tr. 309, 313, 361). Plaintiff argues he did not go to counseling due to his social anxiety, ECF No. 17 at 5 (citing Tr. 51), and no medical providers had recommended bypass surgery, ECF No. 17 at 5 (citing Tr. 52). Plaintiff testified that his depression and panic attacks impacted his ability to exercise and lose weight. Tr. 51. Plaintiff also testified he asked about gastric bypass surgery, and he was told "they would not approve of the surgery." Tr. 52-53. While the ALJ failed to consider the reasons Plaintiff did not pursue treatment, any error is harmless as the ALJ gave other supported reasons to reject Plaintiff's symptom claims. *See Molina,* 674 F.3d at 1115.

### 3. *Activities of Daily Living*

The ALJ found Plaintiff's symptom claims were inconsistent with his activities of daily living. Tr. 22. The ALJ may consider a claimant's activities that

undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ found Plaintiff's reported inability to bend/stoop/squat, walk more than 30 feet, stand for more than a few minutes, and lift more than a few pounds, is inconsistent with his reported ability to care for two dogs, make simple meals, shop independently, and drive short distances. Tr. 22 (citing Tr. 375); Tr. 220-23. The ALJ also noted Plaintiff reported spending all day on the computer or gaming, which the ALJ found was inconsistent with Plaintiff's reported debilitating symptoms of depression and anxiety. Tr. 22 (citing Tr. 385); Tr. 49, 393, 402. Plaintiff also reported being independent in his personal care, and being able to independently perform chores, including being able to wash dishes, do laundry, vacuum, and dust. Tr. 375, 393. Plaintiff has also reported watching football, shooting guns, and spending time with his dogs. Tr. 370. Plaintiff argues the ALJ

ORDER - 14

erred because activities are not transferrable to the work setting, and the ALJ cited

to some of the activities Plaintiff reported engaging in, however Plaintiff elsewhere

in the record gave a different report and stated he does not clean or shop or

regularly engage in self-care.  ECF No. 19 at 4-5.  However, the ALJ reasonably

found inconsistencies between Plaintiff's reported limitations and his activities.

Further, any error would be harmless as the ALJ gave other supported reasons to

reject Plaintiff's symptom claims.  *See Molina,* 674 F.3d at 1115.

### 4. Work History

The ALJ found Plaintiff's allegations were inconsistent with his work

history.  Tr. 22.  An ALJ may consider that a claimant stopped working for reasons

unrelated to the allegedly disabling condition in making a credibility

determination.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  While

Plaintiff testified that he stopped working due to his impairments, he reported to

providers that he stopped working because his employer went out of business and

he was laid off.  Tr. 22 (citing Tr. 323, 375); Tr. 38.  Plaintiff does not challenge

this finding in his opening brief; thus, any argument is waived.  *See Carmickle v.

Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  In his reply

brief, Plaintiff argues there is no inconsistency because he admitted his job ended

due to the business closing.  ECF No. 19 at 3-4.  The ALJ reasonably found

ORDER - 15

1  Plaintiff's work ended for reasons other than his disability. This was a clear and

2  convincing reason to reject Plaintiff's symptom claims.

3     5. *Symptom Exaggeration*

4     The ALJ found there is evidence of possible symptom exaggeration and

5  motivation for secondary gain. Tr. 22. Evidence of being motivated by secondary

6  gain is sufficient to support an ALJ's rejection of testimony evidence. *See Matney*

7  *ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Therefore, the

8  tendency to exaggerate or engage in manipulative conduct during the process is a

9  permissible reason to discount the credibility of the claimant's reported symptoms.

10  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

11     Dr. Uhl gave a rule out diagnosis of malingering. Tr. 402. He noted that

12  Plaintiff reported engaging in no treatment for his reported anxiety and panic

13  attacks, he believed Plaintiff needed to seek treatment, and if Plaintiff refuses

14  treatment, then he believes Plaintiff is malingering. *Id.* Dr. Uhl noted Plaintiff's

15  "main goal is obtaining disability," and found the severity of several areas of

16  functioning was indeterminate; he noted Plaintiff's speech became evasive during

17  the examination, and Plaintiff answered only three out of ten questions correctly

18  for the fund of knowledge questions, which was a "very poor score for his amount

19  of education," which indicated he may be malingering. Tr. 402-404. Plaintiff

20  argues Dr. Uhl did not identify evidence of symptom exaggeration, and that it

ORDER - 16

would be difficult for Dr. Uhl to find evidence of symptom exaggeration during a phone examination. ECF No. 17 at 13. However, Dr. Uhl noted Plaintiff was evasive and his fund of knowledge score was very poor for his education level, which may indicate malingering. Tr. 402-04. Plaintiff does not cite to any authority to support his argument that a phone examination prevents a provider from identifying symptom exaggeration.

On this record, the ALJ reasonably concluded that there is evidence of symptom exaggeration and motivation for secondary gain. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints. Plaintiff is not entitled to remand on these grounds.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in her consideration of the opinions of Lynette Schultz, Ph.D.; Thomas Genthe, Ph.D.; and Tamara Merritt, D.O. ECF No. 17 at 16-17.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no

longer "give any specific evidentiary weight…to any medical

opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-

68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider

and evaluate the persuasiveness of all medical opinions or prior administrative

medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b),

416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical

opinions and prior administrative medical findings include supportability,

consistency, relationship with the claimant (including length of the treatment,

frequency of examinations, purpose of the treatment, extent of the treatment, and

the existence of an examination), specialization, and "other factors that tend to

support or contradict a medical opinion or prior administrative medical finding"

(including, but not limited to, "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-

(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to

ORDER - 18

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(1)-(2), 416.920c(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether a treating or examining source opinion is due more weight than a non-examining source opinion.  ECF No. 17 at 13-15; ECF No. 18 at 10-14.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and

legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'" *Gary T.,* 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

There is not a consensus among the district courts as to whether the "clear and convincing" and "specific and legitimate" standards continue to apply.  *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (applying the specific and legitimate standard under the new regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal. Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*, 2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new regulations displace the treating physician rule and the new regulations control);

ORDER - 20

1  *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

2  Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

3  legitimate nor clear and convincing standard).  For the sake of consistency in this

4  District, the Court adopts the rationale and holding articulated on the issue in

5  *Emilie K. v. Saul*, No. 2:20-cv-00079-SMJ, 2021 WL 864869, *3-4 (E.D. Wash.

6  Mar. 8, 2021), *appeal docketed*, No. 21-35360 (9th Cir. May 10, 2021).  In *Emilie*

7  *K.*, this Court held that the ALJ did not err in applying the new regulations over

8  Ninth Circuit precedent, because the result did not contravene the Administrative

9  Procedure Act's requirement that decisions include a statement of "findings and

10  conclusions, and the reasons or basis therefor, on all the material issues of fact,

11  law, or discretion presented on the record."  *Id.* at *4 (citing 5 U.S.C. § 557I(A)).

12  This rationale has been adopted in other cases with this Court.  *See, e.g., Jeremiah*

13  *F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash.

14  Sept. 7, 2021).  Nevertheless, it is not clear that the Court's analysis in this matter

15  would differ in any significant respect under the specific and legitimate standard

16  set forth in *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

17  　　　In the opening brief, Plaintiff generally argued that the ALJ improperly

18  rejected treating and examining opinions.  ECF No. 17 at 15-17.  However,

19  Plaintiff failed to address any of the reasons the ALJ offered to reject the opinions

20  of Dr. Schultz, Dr. Genthe, and Dr. Merritt beyond arguing the ALJ erred in giving

1  more weight to nonexamining sources over examining sources. *Id.* Plaintiff also

2  discusses Dr. Uhl's opinion, but again does not challenge the ALJ's analysis of the

3  opinion with any specificity. ECF No. 19 at 6.

4        In addition to making only the most general assertions of error, Plaintiff fails

5  to support those assertions with any citations to the record in the opening brief.

6  While Plaintiff summarized the medical evidence earlier in the motion, Plaintiff

7  failed to tie the evidence to the arguments. Plaintiff made assertions such as

8  stating opinions were consistent with each other and "reliable" without any

9  citations or explanations. ECF No. 17 at 16-18. In the reply brief, Plaintiff offers

10  an analysis of Dr. Schultz's opinion, including citations to the opinion, but does

11  not address all the ALJ's reasons for rejecting the opinion. ECF No. 19 at 7-8.

12  Also in the reply, Plaintiff reiterates that Dr. Genthe's opinion should have been

13  found more persuasive than Dr. Uhl's opinion, and argues Dr. Merritt's opinion

14  was consistent with Dr. Genthe and Dr. Schultz's opinions, but again Plaintiff does

15  not address all of the reasons the ALJ gave to reject Dr. Merritt's opinion. ECF

16  No. 19 at 8-9.

17        The court ordinarily will not consider matters on appeal that are not

18  specifically and distinctly argued in an appellant's opening brief. *See Carmickle*,

19  533 F.3d at 1161 n.2. The Ninth Circuit "has repeatedly admonished that [it]

20  cannot 'manufacture arguments for an appellant.'" *Independent Towers v.*

1  *Washington,* 350 F.3d 925, 929 (9th Cir.2003) (quoting *Greenwood v. Fed.*

2  *Aviation Admin.,* 28 F.3d 971, 977 (9th Cir.1994)).  Rather, the Court will "review

3  only issues which are argued specifically and distinctly."  *Independent Towers*, 350

4  F.3d at 929.  When a claim of error is not argued and explained, the argument is

5  waived.  *See id.* at 929-30 (holding that party's argument was waived because the

6  party made only a "bold assertion" of error, with "little if any analysis to assist the

7  court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,*

8  273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding an allegation of error was "too

9  undeveloped to be capable of assessment").

10       Defendant argues Plaintiff waived the argument that the ALJ erred in

11  rejecting the medical opinions.  ECF No. 18 at 14-15.  The Court agrees with

12  Defendant that Plaintiff's opening brief is inadequate, and thus Plaintiff has waived

13  any arguments regarding the medical opinions.  An opening brief must contain the

14  Plaintiff's contentions, the reasons for the contentions, and citations to the

15  authority and portions of the record on which Plaintiff relies.  *See Independent*

16  *Towers*, 350 F.3d at 930.  By failing to provide the reasons for his contentions and

17  failing to cite to any records that support his contentions, Plaintiff waived the

18  arguments.

19       The Court also notes Plaintiff's counsel has repeatedly filed opening briefs

20  with this Court in which he failed to adequately brief the arguments.  *See, e.g.,*

ORDER - 23

*Lovina R. v. Comm'r of Soc. Sec. Admin.,* No. 2:17-cv-00271-FVS (E.D. Wash. Sept. 25, 2018) (Report and recommendation, ECF No. 17 at 6-10) (Adopted Oct. 11, 2018); *Debbie L. v. Saul,* No. 2:20-cv-00034-MKD (E.D. Wash. Jan. 11, 2021) (ECF No. 18 at 15, 23, 25-27); *Stanford R. v. Saul*, No. 2:18-cv-00113-SAB (E.D. Wash. Mar. 20, 2019) (Report and recommendation, ECF No. 20 at 11, 19) (Adopted April 11, 2019); *Timothy A. v. Saul,* No. 2:18-cv-00154-SAB (E.D. Wash. Mar. 20, 2019) (Report and recommendation, ECF No. 20 at 8-10, 17) (Adopted April 11, 2019); *Benjamin V.,* No. 2:18-cv-00159-SAB (E.D. Wash. Mar. 27, 2019) (Report and recommendation, ECF No. 19 at 14, 17, 22-24) (Adopted May 30, 2019); *Ezra B.*, No. 2:19-cv-00041-MKD (E.D. Wash. Oct. 15, 2019) (ECF No. 17 at 18-19); *Lonnie P. v. Saul*, No. 2:18-cv-00169-RMP (E.D. Wash. Mar. 21, 2019) (Report and recommendation, ECF No. 17 at 13-18, 21-22) (Adopted April 9, 2019); *Adriana R. v. Saul,* No. 2:20-cv-00261-MKD (E.D. Wash. April 14, 2021) (ECF No. 21 at 9-10, 16).  Plaintiff's counsel has been repeatedly admonished for the inadequate briefing yet has continued to make general arguments that he fails to develop with any specificity.  Given Plaintiff's waiver of the issue, the Court declines to address Plaintiff's challenge to the ALJ's medical opinion analysis.

ORDER - 24

# CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED February 1, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 25